Succession of Almazán, Plaintiff and Respondent, *v.* López et al., Defendants and Appellants.

Appeal from the District Court of San Juan, Section 1, in an action for the annulment of a contract and for damages.

No. 1053.—Decided June 4, 1914.

Action to Rescind—Conveyance in Fraud of Creditors—Complaint.—In an action to rescind a conveyance made in fraud of creditors, the following allegations must be made in the complaint: 1. That the defendant is really the debtor of the plaintiff; 2. That the defendant conveyed his property in fraud of his creditors: 3. That the plaintiff has been injured by such conveyance; 4. That the plaintiff has no other legal remedy to obtain reparation for the damage caused.

Id.—Evidence—Judgment Creditor.—In an action to rescind a conveyance made in fraud of creditors, the admission in evidence of a copy of the judgment rendered in another action against the debtor subsequent to the filing of the complaint in the action to rescind and adjudging him to pay the debt, is not error because the essential feature consists in that the plaintiff in the action to rescind was an actual creditor of the defendant at the time the action was brought and not that he was a judgment creditor.

ID.—CONVEYANCE IN FRAUD OF CREDITORS—EVIDENCE.—In order to secure the rescission of a conveyance made in fraud of creditors, it is not sufficient to prove the debt between the plaintiff and the defendant, but the existence of fraud must be proven.

The facts are stated in the opinion.

*Mr. Henry G. Molina* for the respondent.

*Mr. José Martínez Dávila* for appellant Víctor López Nussa.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of San Juan, Section 1, rescinding a certain deed of bargain and sale.

A summary of the allegations of the amended complaint is as follows:

1. Personal conditions and capacity of the parties to sue and be sued.

2. That the defendant, Salvador López, owes the plaintiff the sum of $353.58.

3. That the said defendant, Salvador López, owned only a certain rural property described in count 5 and that at present he does not own any property in the Island of Porto Rico.

4. That said defendant, Salvador López, acquired by inheritance from his father an undivided eighth part of the property referred to.

5. That by virtue of a deed of June 11, 1910, executed before Notary Francisco de la Torre, the heirs of Ramón V. López, in fulfilment of an agreement for the division of the inherited property, conveyed to defendant Salvador López an undivided fourth part of the property described.

6. That on July 22, 1910, the defendant, Víctor López, acting as the attorney in fact of his brother Salvador, the other defendant, assigned the power of attorney to sell which he held from his brother to José Pérez Guerra and obtained from Pérez Guerra a conveyance of the fourth part of the property described for the stipulated sum of $500.

7. That the said sum of $500 was never paid to Salvador López nor to his substitute attorney in fact, José Pérez Guerra; that there was never any intention to pay the said amount, and that the contract was made and carried out with the sole and ostensible object of defrauding the plaintiff of his rights.

The prayer of the complaint is as follows:

"Wherefore, the plaintiff prays the court to decree that the deed executed on June 20, 1910, whereby Salvador López Nussa sold his interest of one-fourth of the property herein described, is rescinded and null and void and that the record thereof in the registry of property be canceled; that the fourth interest in the property which belonged to Salvador López Nussa be sold by the marshal of this court and from the proceeds the plaintiff be paid the sum of $363.48, with interest at the rate of 6 per cent from January 11, 1908, with the costs of the action brought before the Municipal Court of San Juan to recover the same: that both defendants herein be adjudged to pay the damages caused the plaintiff as a result of the fraudulent transaction above described and to pay an attorney's fee of $300 and the costs of this action."

The defendant demurred to the complaint on the ground that it was unintelligible and uncertain and did not state facts sufficient to constitute a cause of action. The demurrer was overruled by the court and thereupon the defendants answered as follows:

1. They admit the first allegation of the complaint.

2. They deny the second allegation as drawn up and allege that the fact is "that the plaintiff obtained a judgment against defendant Salvador López Nussa for the sum of $353.58, in December, 1911, or subsequent to the date on which the complaint was filed in this case."

3. They deny the third allegation of the complaint.

4. They admit allegations 4, 5 and 6 of the complaint.

5. They deny allegation 7 of the complaint.

A trial was had and the court rendered judgment rescinding the deed of sale referred to in the complaint with costs

against the said defendants and the defendants took the present appeal.

The appellants allege in their brief that the court erred in allowing the plaintiff to amend his complaint by striking out a certain allegation. In the original complaint it was alleged that defendant Víctor López had promised to pay the debt of his brother Salvador to Almazán. In the amended complaint that allegation was suppressed. The appellants maintain that as the original complaint was verified and as the said allegation set up an important fact tending to show that the plaintiff had another means of recovering the debt besides that of an action for rescission, the court should have rejected the amended complaint. However, this question lacks importance if it be considered that the suppressed allegation as drawn up, examined in relation to the other allegations of the complaint, could be construed in the sense that the promise made by Víctor López to Almazán was made as the attorney in fact of his brother and not with the object of converting himself personally into the real debtor.

The second assignment of error refers to one which the appellants claim the court committed in not sustaining the demurrer to the amended complaint on the ground that it did not set up a cause of action.

The action brought in this case is one for the rescission of a contract for the sale of a joint-ownership in a certain rural property and is based evidently on subdivision 3 of section 1258 of the Civil Code which provides that contracts made in fraud of creditors may be rescinded when the creditors cannot recover what is due them in any other manner.

Considering the said legal provision in connection with section 1261 of the same code which provides that an action for rescission is a subsidiary one and can be invoked only when the person injured has no other legal remedy to obtain reparation for the injury, there is no doubt that in an action of the nature of the one brought in this case the complaint should set up: (a) That the defendant is really the plain-

tiff's debtor; (*b*) that the defendant alienated his property in fraud of his creditors; (*c*) that the plaintiff has been injured by such alienation; (*d*) that the plaintiff has no other remedy at law to obtain reparation for the injury suffered than that of seeking the rescission of the contract of alienation.

Although the complaint could have been drawn up more clearly and concisely, it is true that if read carefully it is found to contain all the requisites specified in the preceding paragraph and that, therefore, the district court did not commit the error attributed to it when it overruled the demurrer referred to.

The third assignment of error refers to that committed by the court, in the opinion of the appellants, in admitting certain records of civil suits in evidence. At the trial the plaintiff offered in evidence the record of Civil Case No. 3241 brought by Almazán against Salvador López for the recovery of a sum of money and a copy of the judgment rendered against the defendant for the amount claimed by the plaintiff. The objection of the defendants was based on the fact that the judgment was rendered after the complaint had been filed in this action for rescission.

In our opinion the trial court did not commit the error assigned. It is not necessary that the plaintiff should be a judgment creditor before bringing the action for rescission. What is required is that he be really and truly a lawful creditor of the defendants. If he had a judgment for his credit before the commencement of the action for rescission or obtained one during the course of the same, this would be a circumstance in corroboration of the right of the plaintiff, but the plaintiff could have omitted to plead it and relied solely on alleging and proving in the action for rescission his status as the defendants' creditor.

The fourth assignment of error is that committed by the district court, in the opinion of the appellants, in weighing

the evidence and concluding that it sustained the allegations of the complaint.

The evidence of the plaintiff was as follows:

1. A copy of deed No. 102, dated July 22, 1910, by which Salvador, Mariano and Rafael López Nussa sold to their brother Víctor their shares, acquired by inheritance from their father Ramón, in a rural property situated in the ward of Palmas, Bayamón, containing 6.34 *cuerdas;*

2. The original record of an action of debt brought by Almazán against Salvador López in which judgment was rendered against López on November 23, 1911;

3. The testimony of Micaela Nussa, widow of López and mother of the defendants, introduced for the purpose of identifying certain letters which her son Salvador had written to her from Havana, Cuba, to wit: (*a*) In a letter dated August 8, 1911, he said, "* * * I much regret the worry which the sale of my property is causing you. Víctor writes announcing the remittance of $250 which I hope to receive at any moment * * *." (*b*) In another, dated August 15, 1911, he said, "* * * I have not received further advices from Víctor nor, therefore, the remittance. I should be sorry to have to think that he is trying to do me a wrong; we will see * * * ." (c) In another of August, 1911, he said, "* * * I have not received further advices from Víctor and now expect none; it seems incredible that he should act in this manner towards one who has never done him any harm * * *." (*d*) In another of September 3, 1911, he said, "* * * At last Víctor has broken silence and sent us twenty dollars, which relieves my immediate difficulties. I am telling him that I require one hundred dollars at once, which he certainly will not send although he would not find it difficult to secure that amount * * *." (*e*) Another, dated September 26, 1911, reads as follows:

"MY DEAR MOTHER: I take pleasure in referring to your favor of the 11th. From what you say I infer that things have gone just

as I told you in my last regarding the sale of the property, in which matter Rafael was more fortunate than I. What are we going to do? I can only have patience and await developments. Victor now tells me that Almazán has sued him and me for failure to comply with an offer which Victor says he made him and wants to annul the sale of the land which I made him on the alleged ground that he knew that I owed him some money before he had the transaction with me. Victor's attorney says that Almazán has no ground of action and will get nothing, but he will have to be paid for defending us and I shall be the one to suffer the consequences, because he informs me that he cannot make me the remittance which he intended to send me this month because he has to pay the expenses of the suit. All these misfortunes are due to Victor's improper conduct, for, if he had paid Almazán in due time the one hundred dollars which he promised him in my name, nothing of this would have happened. Let us hope and have patience."

The witness also identified another letter addressed by her son Salvador to Almazán from Havana on February 14, 1910, which reads as follows:

"DEAR FRIEND: I duly received your favor of December 28 last. My failure to reply is due to the fact that I mislaid the letter, which I hope you will excuse. I received therewith the statement of my account, which I have not examined but which I, of course, regard as correct. I have only a small interest in the *Palmar* property which I have leased free of charge to my brother Victor for five years from the first part of last January; therefore I am unable to make any negotiation with regard thereto, which I very much regret because I am grieved and ashamed at my inability to fulfil my obligation to you who so kindly and opportunely aided me. At this time I am living in penury and earning hardly enough to cover our most urgent necessities, but I have some prospects with an American firm by whom I am employed, and while it may be little by little, I hope soon to begin to make you some remittances."

Summarized, this was all the evidence introduced by the plaintiff. In our opinion it does not prove that the sale of the joint interest to which the complaint refers was made with the exclusive and ostensible purpose of defrauding the plaintiff of his rights.

By the deed of July 22, 1910, not only did defendant Salvador sell his joint interest to his brother Víctor, but his other brothers, Mariano and Rafael, also sold him theirs. If it were simply a simulated contract between Salvador and Víctor to defraud Almazán, there is nothing to explain the intervention of Mariano and Rafael.

The letters which Salvador wrote to his mother do not reveal a conspiracy with his brother to defraud Almazán. In the letter of August 8, 1911, he speaks of the sale of his property and of a promised remittance of $250 by Víctor. It is not very clearly established what connection this sum may have with the proceeds of the sale, but when the other letters are taken into consideration it will be seen that they create the impression that the sale was actually made and it was stated in the deed to be "for value received" although the vendee did not pay the vendor the purchase price of the property, or at least not the whole of it, and that, therefore, Víctor still owes Salvador $250 on account of the sale.

There is no doubt that Almazán proved that defendant Salvador López Nussa owed him the amount claimed. Only one honorable course is open to defendant Salvador López Nussa in this case, and that is the payment of his debt. But the fact that money is due from the debtor to the creditor is not sufficient of itself to justify the rescission of a contract of sale made by the debtor and another person. We have already stated the requisites necessary for the rescission of contracts entered into in fraud of creditors. The existence of fraud is absolutely necessary, and, as we have seen, that has not been proved in this case.

Therefore, the appeal must be sustained, the judgment appealed from reversed and another judgment rendered dismissing the complaint without special imposition of costs.

*Reversed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.